UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TYRONE FERGUSON, SR,

        Plaintiff,

        v.

Case No. 20-cv-1587-bhl

SMART WAREHOUSING,
ALAN INFANTE,

        Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

        On October 19, 2020, plaintiff, Tyrone Ferguson, Sr., proceeding without a lawyer, filed a complaint, along with a notice of right to sue letter issued by the Equal Employment Opportunity Commission ("EEOC") (ECF No. 1.) Ferguson alleges employment discrimination on the basis of sex and age, and claims he was terminated from his employment in retaliation for his harassment complaint and for whistleblowing. (*Id.*) On December 16, 2020, the Court screened the complaint, allowed Ferguson to proceed on his claims, and granted his motion for leave to proceed without prepayment of the filing fee. (ECF No. 7.)

        On February 25, 2021, Defendants filed a motion to dismiss, (ECF No. 14), supporting brief, (ECF No. 15), and certificate of service. (ECF No. 17.) When Ferguson failed to file a timely response, the Court issued an Order to Show Cause, giving him until July 9, 2021 to explain why he failed to respond to the motion and explaining that if Ferguson did not respond and provide reasons for his delay, his case would be dismissed. (ECF No. 19.) (*Id.*)

        On July 9, 2021, Ferguson responded by filing a three-page reiteration of the factual allegations in his complaint along with pictures and other documents. Ferguson does not explain why he failed to respond timely to the motion initially. Nor does he offer any substantive response to Defendants' motion; his filing does not include legal citations or explain why he believes Defendants' arguments are incorrect. (ECF No. 20.) Because Ferguson is proceeding

without a lawyer's assistance, the Court will look past these failures and address the merits of Defendants' motion to dismiss. Based on the content of Ferguson's complaint, the Court will grant, in part, Defendants' motion to dismiss.

## BACKGROUND ALLEGATIONS

Ferguson's complaint is not easy to follow. He alleges he was employed by Smart Warehousing from sometime in 2018 until March 11, 2020. (ECF No. 1 at 1.) He contends he initially reported to Mark Barari, who told him that Smart Warehousing preferred hiring women because "they're easy to control." (*Id.* at 2.) He further alleges that Barari disciplined him for an incident that never happened and that his tasks at work then became "unusual" and a "lot of physical work labor." (*Id.*) Ferguson's next supervisor was Myles Gibson, a "very reckless young man" who "favor[ed] females," and, in 2019, had a consensual sexual relationship with a female employee. (*Id.*) Ferguson claims he upset Gibson by confronting him about sending intimate photos to a different female employee. (*Id.*) Ferguson reported Gibson's unprofessional behavior to Smart Warehousing's human resources and also complained about "harassment and other inappropriate behavior." (*Id.* at 1-2.) Ferguson complains that Gibson was not fired even after "[c]ursing out every one [sic] at SWH" in 2019. (*Id.* at 2.) Ferguson also alleges he was told by a colleague that their employer did not like that Ferguson took pictures and recorded conversations at work. (*Id.* at 4.)

In 2020, Ferguson began reporting to a new supervisor, Defendant Alan Infante. (ECF No. 1 at 3-4.) Ferguson states that he told Infante that he had seen a lot of supervisors come and go and that Infante "seemed to be upset" by that comment and by Ferguson's complaint about Gibson. (*Id.* at 4.) Infante then changed Ferguson's start time and lunch hour. (*Id.*)

According to Ferguson, Smart Warehousing terminated his employment on March 11, 2020. (ECF No. 1 at 1, 4.) He alleges that Infante and Smart Warehousing made up the performance issues for which he was terminated and that he was terminated for whistleblowing. (*Id.* at 3-4.) Ferguson confirms he was 57 years old when he was terminated. (*Id.* at 4.) He filed a complaint with the EEOC on April 14, 2020 alleging that Smart Warehousing discriminated and retaliated against him by terminating his employment. (ECF No. 1-1 at 9.)

## ANALYSIS

In their motion to dismiss, Defendants argue Ferguson's complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) for his failure to state any valid claims. (ECF No. 14.) When

deciding a Rule 12(b)(6) motion to dismiss, the Court must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiff's favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016) (citing *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013)). "To survive a motion to dismiss, the complaint must 'state a claim to relief that is plausible on its face.'" *Roberts*, 817 F.3d at 564 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Roberts*, 817 F.3d at 564-65 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "The complaint must do more than recite the elements of a cause of action in a conclusory fashion." *Roberts*, 817 F.3d at 565 (citing *Ashcroft v. Iqbal*, 556 U.S. at 678).

### I. Ferguson Cannot Assert Title VII or ADEA Claims Against Infante.

Defendants contend that any claims against defendant Alan Infante must be dismissed because Infante is not an "employer" under Title VII or the Age Discrimination in Employment Act ("ADEA"). (ECF No. 15 at 5.) The Court agrees. The Seventh Circuit makes clear that individual supervisors in their individual capacities do not "fall within Title VII's definition of employer," *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995), and that "there is no individual liability under the ADEA." *Horwitz v. Bd. of Educ. of Avoca Sch. Dist. No. 37*, 260 F.3d 602, 610 n.2 (7th Cir. 2001). The claims against Infante must be dismissed.

### II. Ferguson's Complaint Sufficiently Alleges Sex and Age Discrimination Claims against Smart Warehousing.

Defendants also argue that Ferguson fails to state claims for age discrimination under the ADEA and for sex discrimination under Title VII. (ECF No. 15 at 9-14). The Court acknowledges that "the pleading requirement for employment-discrimination claims is minimal. A plaintiff need only identify the type of discrimination, when it occurred, and by whom." *Clark v. L. Off. of Terrence Kennedy, Jr.*, 709 F. App'x 826, 828 (7th Cir. 2017) (citations omitted); *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404-05 (7th Cir. 2010).

With respect to his ADEA claim, Ferguson alleges:

> It is a fact on March 11, 2020 I was terminated from my employment. I believe that Respondent discriminated against me on the basis of my … age (1962) … in violation of … the Age Discrimination in Employment act of 1967, as amended and Section 4(d).

(ECF No. 1 at 1.)

These allegations, albeit in purely conclusory fashion, allege the required elements of an ADEA claim. While the balance of Ferguson's allegations do not support these allegations (and suggest other causes for his termination), Ferguson has done enough to state an ADEA claim.

As for his Title VII claim, Ferguson alleges:

> It is a fact on March 11, 2020 I was terminated from my employment. I believe that Respondent discriminated against me on the basis of my sex (male) … in violation of Title VII of the Civil Rights Act of 1964, as amended and Section 704(a) …

(ECF No. 1 at 1.) Ferguson also alleges that Myles Gibson "would favor females more than me." (ECF No. 1 at 2.) He also alleges that Mark Barari said that Smart Warehousing "likes working with females because they're easy to control." (ECF No. 1 at 2.) Finally, in reference to an incident where a female employee was not fired despite damaging thousands of dollars' worth of merchandise, he asserts "[a]gain SWH favoring females." (ECF No. 1 at 3.)

As with his ADEA claim, Ferguson has alleged just enough to survive a motion to dismiss. He identifies a type of discrimination (sex), the general time it occurred, and the actors. That is enough. *Swanson*, 614 F.3d at ___. His additional allegations, including contentions that he was terminated "for being a Whistle blower [sic]" and also "for pulling the wrong items," would seem to undercut his discrimination claim. (ECF No. 1 at 3-4.) But he is entitled to plead in the alternative and, if he cannot support his claims with evidence, will be hard pressed to avoid summary judgment.

### III. Ferguson Fails to State Plausible Retaliation Claims.

Defendants contend that Ferguson's ADEA and Title VII retaliation claims must also be dismissed. (ECF No. 15 at 14-20.) To state a claim for retaliation in violation of the ADEA, a plaintiff must allege facts sufficient for the Court to infer "that he engaged in statutorily protected activity, that he suffered a materially adverse action, and that the two are causally related." *Barton v. Zimmer, Inc.*, 662 F.3d 448, 455 (7th Cir. 2011) (citing *Horwitz v. Bd. of Educ.*, 260 F.3d 602, 612 (7th Cir. 2001). Statutorily protected activity can consist of opposing, complaining, investigating, or litigating any conduct prohibited by the ADEA. 29 U.S.C. §623(d). To state a claim for retaliation under Title VII, "a plaintiff must (though she need not use the specific terms) allege that she engaged in statutorily protected activity and was subjected to adverse employment action as a result of that activity." *Huri v. Off. of the Chief Judge of the Cir. Ct. of Cook Cty.*, 804 F.3d 826, 833 (7th Cir. 2015) (citing *Luevano v. Wal–Mart Stores, Inc.*, 722 F.3d 1014, 1029 (7th Cir. 2013)). "In the retaliation context, 'adverse employment

action' simply means an employer's action that would dissuade a reasonable worker from participating in protected activity." *Id.* (citing *Chaib v. Indiana*, 744 F.3d 974, 986-87 (7th Cir. 2014) (*overruled on other grounds by Ortiz v. Werner Enterprises, Inc.*, 834 F.3d 760 (7th Cir. 2016)).

In the same section of his complaint cited above, Ferguson alleges that he made some sort of complaint regarding harassment and whistleblowing and that he was terminated from his employment. (ECF No. 1 at 1, 4.) However, he does not state when he made his complaint, how he made his complaint, or what the complaint complained about. The Court therefore cannot draw a reasonable inference that Ferguson engaged in protected activity, and that the protected activity caused his termination. Ferguson's retaliation claims will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED:**

1. Defendants' motion to dismiss, ECF No. 14 is **GRANTED in part and DENIED in part,** as follows:

    a. Defendants' motion to dismiss Ferguson's claims under the ADEA and Title VII against Defendant Alan Infante is **GRANTED** and those claims are **DISMISSED**.

    b. Defendants' motion to dismiss Ferguson's retaliation claims under the ADEA and Title VII against Smart Warehousing is also **GRANTED** and those claims are also **DISMISSED.**

    c. Defendants' motion to dismiss Ferguson's age and sex discrimination claims under the ADEA and Title VII against Smart Warehousing is **DENIED**.

Dated at Milwaukee, Wisconsin on September 7, 2021.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge